UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER ROBERT JACOME,<br><br>                                   Petitioner,<br>v.<br>GAVIN NEWSOM, et al.,<br>                                  Respondents. | Case No.: 3:25-cv-1128-BEN-DDL<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

**INTRODUCTION**

On May 1, 2025, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1 & 2. On May 6, 2025, the Court denied Petitioner's IFP motion and dismissed the case because Petitioner failed to provide the necessary support for his IFP motion. ECF No. 3. The Court notified Petitioner that to have his case reopened, he must either pay the $5.00 filing fee or submit a properly supported IFP motion by July 18, 2025. *See id.* On June 20, 2025, Petitioner filed another IFP motion. ECF No. 4. But Petitioner again failed to provide the Court with sufficient information to determine his financial status and as such, the Court denied the motion. ECF No. 5. On July 8, 2025, Petitioner filed another IFP motion. ECF No. 7.

## MOTION TO PROCEED IN FORMA PAUPERIS

Along with his renewed IFP motion, Petitioner has included a copy of his prison certificate which shows he has insufficient on account at the California correctional institution in which he is presently confined to pay the $5.00 filing fee. *See* ECF No. 7 at 2. Thus, the Court **GRANTS** Petitioner's application to proceed IFP and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZALBE FEDERAL HABEAS CLAIM

Upon preliminary review of the Petition, however, it must be dismissed because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner seeks to have his California "felony term . . . amended to be [a] misdemeanor" and asks to be resentenced accordingly. ECF No. 1 at 6–7. In no way, however, does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights. Thus, there is no ground upon which to entertain the Petition. Accordingly, the Petition must be dismissed.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. *See* 28 U.S.C. § 2254(b), (c) (requiring state prisoners who wish to challenge their state court conviction to first exhaust state judicial remedies); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*.

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D).[1]

## CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's IFP Motion (ECF No. 7) and **DISMISSES** this habeas action without prejudice for failure to state a cognizable claim. *See* Rule 4, 28 U.S.C. foll. § 2254. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 14, 2025

Hon. Roger T. Benitez
United States District Judge

---

[1] The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).