

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ALEXANDER ROBERT JACOME,

Petitioner,

v.

GAVIN NEWSOM,

Respondent.

Case No.:  3:25-cv-1128-BEN-DDL

**ORDER DENYING MOTION FOR MODIFICATION OF JUDGMENT**

**[Doc. No. 14]**

## BACKGROUND

On May 1, 2025, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. Nos. 1 & 2. On July 14, 2025, Petitioner was granted IFP status but his habeas petition was dismissed for failure to state a cognizable claim for relief under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petition is not entitled to relief in the district court. . .." Rule 4, 28 U.S.C. foll. § 2254. Specifically, the Court determined Petitioner is not presently entitled to habeas relief because he has not alleged the state court violated his federal rights. *See* Doc. No. 8 at 2–3. The Court also noted that Petitioner could not simply amend his petition to state a federal claim because

he must first exhaust those claims in state court. *Id.* at 3–4. Thus, the Court dismissed the action and entered judgment. Doc. Nos. 8, 9.

After judgment was entered, Petitioner filed a Motion to Amend/Correct and Motion to Reopen Case on July 28, 2025. Doc. No. 10. Thereafter, he filed a supplemental document. Doc. No. 11. On September 26, 2026, the Court denied both motions because Petitioner had failed to cure the defects outlined in the Court's July 14, 2025 dismissal order. *See* Doc. No. 12.

On November 28, 2025, Petitioner filed a "Rule 59 Motion for Modification of Judgment." Doc. No. 14. In it, Petitioner asks the Court modify the judgment and "consolidate[] together" his criminal cases and appeals in state court. *Id.* at 5. He also asks the Court to exercise "supplemental jurisdiction" over his state criminal cases under 28 U.S.C. § 1367. *Id.* at 4.

### DISCUSSION

Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e) "The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (citing Fed. Rule Civ. Proc. 6(b)(2)); *see also* Fed. R. Civ. P. 59(e). Here, judgment was entered on July 14, 2025 and as such, Petitioner's November 28, 2025 Rule 59 Motion is untimely. Because Petitioner is proceeding pro se, however, the Court will construe Plaintiff's under Rule 60(b). *See Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1120 (W.D. Wash. 2010) ("[T]he court may construe an untimely motion for reconsideration brought under Rule 59(e) as a motion based on Rule 60(b).").

Under Rule 60(b), a "court may relieve a party . . . from a final . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R.

3:25-cv-1128-BEN-DDL

Civ. P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Here, Petitioner's motion also fails under Rule 60(b) because Petitioner does not state adequate grounds for reconsideration. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). And in his motion, Petitioner makes an entirely new request that the Court to "consolidate" his state court criminal cases and exercise "supplemental jurisdiction" over them pursuant to 28 U.S.C. § 1367. Doc. No. 14 at 1, 4.

First, the Court notes supplemental jurisdiction does not apply to federal habeas proceedings because, as previously discussed, this court has no federal habeas jurisdiction over any claims alleging violations of state law. *See* 28 U.S.C. § 2254(a) (stating "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Furthermore, Petitioner sets forth no specific basis for reconsideration based on mistake, inadvertence, surprise, or excusable neglect. Nor does he present any newly discovered evidence, or assert fraud by the Respondent, voiding or satisfaction of the judgment, or any other reason justifying relief. As such, Petitioner has failed to show that reconsideration is warranted under Rule 60(b).

Therefore, for the foregoing reasons, the Court **DENIES** Petitioner's Motion for Modification of Judgment [Doc. No. 14]. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 11, 2026

_____
Hon. Roger T. Benitez
United States District Judge

3:25-cv-1128-BEN-DDL